CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 22 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WAYMAN TURNER, | ) | Civil Action No. 7:08-cv-00524 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRYAN WATSON, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Wayman Turner, a Virginia inmate at Wallens Ridge State Prison (Wallens Ridge) proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, against prison officials Bryan Watson, Patricia Scarberry, John Combs, Gail Jones, K. Crowder-Austin, and John Doe in their individual capacities. Turner seeks $5,000.00 of compensatory damages from each defendant and any punitive damages the court deems necessary. For the reasons set forth below, the court concludes that Turner's First Amendment claim against John Combs may proceed and that his remaining claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I. Motion to Amend

Turner submitted a motion to amend his complaint in response to the prior order that conditionally filed the case. In his motion, Turner withdraws any claims made against John Doe and K. Crowder-Austin.[2] Turner names C. Sturgill as a new defendant to the claims that he also

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint filed by an inmate against government officials as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

[2] Turner omits K. Crowder-Austin from his list titled, "My Defendants[,]" does not name her in his motion to amend, does not discuss his claim against K. Crowder-Austin as he does with his other claims and defendants, and states that he will "drop the John Doe defendants. . . and stick to the major contributors[.]" (Mot. Am. 1, 10.) Even if he proceeds against Crowder-Austin as a defendant, he has failed to state a claim against her upon which relief may be granted. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (inmates do not have a constitutionally protected right to a grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (prison official's failure to comply with the state's grievance procedure is not actionable under § 1983).

asserted against Patricia Scarberry. Turner now seeks additional relief in the form of a court order compelling an outside investigation of the scope of the alleged violations at Wallens Ridge. (Mot. Am. 5.) A party may amend its pleading once before being served with a responsive pleading. Fed. R. Civ. Pro. 15(a). Turner's complaint has not yet been served, and, thus, the court grants Turner's motion to amend.

## II. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proven consistent with the allegations of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1973 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically explained, id., 127 S. Ct. at 1965, that the Twombly analysis does not run counter to Swierkiewicz or impose a heightened pleading standard); Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "[a] court may dismiss a complaint [for failure to state a claim upon which relief may be granted] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). A prisoner may not pursue a § 1983 action for mental or emotional injuries sustained while in custody without alleging physical injury. 42 U.S.C.

2

§ 1997e(e).

A. Eighth Amendment claims

Turner alleges that Bryan Watson, the warden of Wallens Ridge, is not providing basic human needs, encourages cruel and unusual punishment by his policies, and knows of the constitutional violations but does not correct them. Turner states that he received a toilet brush without a handle; he has not been given a locker and his food, clothes, and personal property must be kept on the floor; he has not been given proper cleaning supplies to clean his cell; he has a desk in his cell without a stool or chair; his cell is lit twenty-four hours a day; and he shares a nail clipper used by eighty other inmates. Although Turner admits that his cell light is dimmed during nighttime hours, he states that the light is so bright in his cell during the day that it causes him headaches because the light aggravates a pre-existing eye injury. (Mot. Am. 7.)

Turner also claims cruel and unusual punishment perpetrated by Patricia Scarberry and C. Sturgill, food service supervisors at Wallens Ridge. Turner alleges that the prison food is tasteless and unappetizing; the portions are too small; food is served on top of the silverware; the bread falls apart; brunch is not served on weekends; the weekend breakfast is the same breakfast served on weekdays; and the food does not meet nutritional, dietary guidelines. Turner claims that he lost eighteen to twenty-five pounds because of the food at Wallens Ridge, but he says, "I'm healthy[,] confirmed by doctors" and he "thought [he] was sick and had blood tests taken[] that showed [he] wasn't." (Mot. Am. 6, 21.) Turner alleges that he does not look or feel healthy, his face is sunken, and he always feels hungry.

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). However, inmates are

3

not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 347-52 (1981). To state a claim of constitutional significance, inmates must allege facts that show that the conditions have created an unreasonable risk of serious injury or that the inmates have either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement. Helling v. McKinney, 509 U.S. 25, 35-36 (1993); Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Inmates must also allege facts showing that prison officials acted with deliberate indifference. Strickler, 989 F.2d at 1379. However, mere allegations of inadequate food and unsanitary conditions without showing any deleterious effects fail to state a claim under the Eighth Amendment. White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993).

Applying these principles to Turner's allegations, the court concludes that Turner fails to state a claim against either Watson, Scarberry, or Sturgill. Turner fails to forecast evidence of any injury resulting from the challenged living conditions. Although Turner alleges that he lost twenty-five pounds because of the food, he states that he is healthy and that both a doctor and a blood test confirmed that he is healthy. Turner also fails to allege facts demonstrating any correlation between his weight loss and the food versus other possible explanations, and Turner does not substantiate any related medical treatment required for his weight loss. Furthermore, Turner bases his conclusions about his cell light and his headaches on his own diagnosis, not one of a medical professional. Accordingly, the court must dismiss Turner's Eighth Amendment claims for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

4

B.  First Amendment claim

Turner alleges that John Combs, chief of security at Wallens Ridge, violated his First Amendment right to receive a magazine in prison. Turner purchased a subscription to Vibe magazine through the prison's magazine supplier. Combs intercepted his May 2008 issue although Turner alleges that he received previous issues. Combs forwarded Turner's magazine to the Publication Review Committee (PRC) in Richmond, Virginia, in late April 2008, and Turner filed this civil action in September 2008. During the interim, Turner filed three requests for information about his magazine, but prison officials told him each time that he must first wait for the PRC's decision before he may pursue any administrative remedy. Turner subsequently filed a regular grievance regarding the magazine, and he was told again that he can appeal the PRC's decision only after it is made. Turner attempted to exhaust his administrative remedies but is consequently unable to because, as Turner alleges, the PRC is taking an unusually long time to determine the status of his magazine and he has not received any notice about a PRC decision.

Turner alleges a violation of his First Amendment right to receive written publications because Turner is entitled to receive publications and Combs might be precluding Turner from exercising that right. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (stating no question exists that magazine publishers and inmates have First Amendment right to communicate via subscriptions). However, Combs can rebut the claim by relying on regulations restricting an inmate's receipt of written materials that are reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987) (holding regulations impinging constitutional rights might be valid if reasonably related to legitimate penological interests).

5

Accordingly, Turner's First Amendment claim may proceed, pending Turner's compliance with the prior conditional filing order's filing fee instructions.

C. Fourteenth Amendment claims

Turner alleges that Gail Jones, a member of the Central Classification Services, violated Turner's Fourteenth Amendment due process rights. Jones gave Turner six extra points on his annual inmate classification review which increased his security level classification from four to five. Turner states that Jones increased his security level classification because he received two disciplinary charges after his counselor conducted his annual review but before Jones reviewed his record. Turner claims that the points should not be counted twice because they unfairly affect his past and future annual reviews. Turner also claims that Jones violated his due process rights by not following the format of the inmate classification score sheet.

To prove a due process claim, prisoners "must first demonstrate that they were deprived of life, liberty, or property by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must demonstrate either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force or that the confinement creates an atypical or significant hardship and that the state granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

The determination of whether such an atypical and significant hardship exists is a question of law. Beverati, 120 F.3d at 503. "Virginia's classification scheme [for] prisoners' custody, security, and good conduct earning levels does not create a liberty interest in avoiding

6

changes in these classifications, since an inmate's status in each of these areas is subject to change, based on his own behavior and the discretion of prison officials." Harvey v. Mahon, No. 7:02-cv-00829, 2004 U.S. Dist. LEXIS 27759, at *3 (W.D. Va. Aug. 30, 2004) (citing Oliver v. Powell, 250 F. Supp. 2d 593, 605 (E.D. Va. 2002); Garrett v. Angelone, 940 F. Supp. 933, 943 (W.D. Va. 1996)), aff'd, 126 F.App'x 632, 632 (4th Cir. 2005) (per curiam); see Riccio v. County of Fairfax, 907 F.2d 1459, 1466 (4th Cir. 1990) (holding that violations of state promulgated rules do not necessarily amount to constitutional violations if a state grants more procedural rights than what the Constitution requires).

Turner fails to allege any deprivation of a liberty interest. Turner does not show that the points resulted in any excessive sentence or that the Commonwealth granted a protected liberty interest by regulation or statute. Furthermore, the classification changes are not an atypical hardship because the classification is based on an inmate's behavior and prison officials' discretion within the prison environment. Turner fails to argue that the points created an atypical or significant hardship. Accordingly, the court must dismiss Turner's due process claim against Jones, pursuant to 28 U.S.C. § 1915A(b)(1).

### III. Conclusion

For the foregoing reasons, the court grants Turner's motion to amend, terminates John Doe and K. Crowder-Austin as defendants, and dismisses Turner's claims against Bryan Watson, Patricia Scarberry, C. Sturgill, and Gail Jones, pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, only Turner's First Amendment claim against John Combs remains.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 22nd day of December, 2008.

/s/ Glen E. Conrad
United States District Judge

7